A.Y. Levine Deputy Director Department of Administration 1525 Sherman Street, 7th Floor Denver, Colorado 80203
Dear Mr. Levine:
This opinion is in response to your July 31, 1980 letter in which you inquired about the meaning of certain amendments to C.R.S. 1973, 24-51-132 made by Senate bill 48, 1980 Session.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
1. Is the appropriate amount in subsection (1)(b) of C.R.S. 1973, 24-51-132 in addition to or in place of the three percent increase required by subsection (1)(a)?
 My conclusion is that the amount referred to in subsection (1)(b) replaces or substitutes for the three percent increase required by subsection (1)(a).
2. Are the increases cumulative over the years?
 My conclusion is "yes." Each year's increase is computed on the base benefit but added to increases from previous years.
ANALYSIS
1. Your request for an attorney general's opinion concerns the meaning and correct interpretation of C.R.S. 1973, 24-51-132 as amended by the 1980 general assembly. As amended, that provision reads:
 24-51-132. State employees' emeritus retirement fund — limitation on pension. (1) (a) There is hereby created a state employees' emeritus retirement fund, from which the controller shall authorize payments from such appropriations as may be made to such fund. Persons qualifying for emeritus retirement benefits in this part 1 shall receive a monthly payment of two hundred dollars per month, less the primary benefit under option 1 provided in section 24-51-112 (1) (a) and less any pension or retirement or pension funds supported in whole or in part by the state or any of its political subdivisions, and effective July 1, 1976, and each year thereafter, said amount shall be increased by three percent. All payments under this section shall be prorated on an equal monthly basis within the limits of the appropriations made, and no monthly payment shall exceed two hundred dollars, and effective July 1, 1976, and each year thereafter, said amount shall be increased by three percent.
 (b) For the fiscal year commencing July 1, 1980, payments and amounts provided for in paragraph (a) of this subsection (1) shall be increased by eight percent or the average percentage increase in the state salary survey for 1980-81, whichever is higher. Effective July 1, 1981, and each fiscal year thereafter, the percentage increase shall be commensurate with the average state salary survey percentage increase.
Both a literal reading of this section and the legislative history of Senate bill 48 suggest that the eight percent increase was intended to replace the three percent increase.
Subsection (1)(a) provides for a three percent increase to a "said amount"; "said amount" relates to a payment made under the section. Subsection (1)(b) employs the same terms — "payments" and "amounts" — in describing the figure to which the eight percent applies. The use of those same terms in subsection (1)(b) implies that the eight percent should be computed on the figure to which the three percent increase would otherwise have been applied.
During a hearing before the Senate State Affairs Committee, held on February 13, 1980, both Senator Tilman Bishop and Robert Gray, administrative aide for the Public Employees' Retirement Act, remarked, within the first ten minutes of that hearing which began at approximately 4:30 p.m., that the bill introduced an increase in the percentage figure from three percent "to" eight percent, implying that the eight percent constitutes a substitute for the three percent figure.
2. Your second question asks whether the increases are cumulative. Prior to 1975, C.R.S. 1973, 24-51-132 contained no provisions for percentage increases in benefits.Compare, C.R.S. 1973, 24-51-132 and C.R.S. 1973, 24-51-132, as amended (Cum. Supp. 1979). However, prior to 1975, C.R.S. 1973, 24-51-135(2) did provide for a three percent increase "for each full year contained in the period commencing with the effective date of the benefit and ending with the effective date of redetermination." I am satisfied that the phrase "and each year thereafter, said amount shall be increased by three percent" is the substantial equivalent of the language contained in section 24-51-135(2) quoted above.
At the above-referenced hearing before the Senate State Affairs Committee, Robert Gray, at approximately 4:48 p.m., discussed an example of the way public employees' retirement benefits are computed, see C.R.S. 1973, 24-51-135. He stated that an employee who retired at a $400 per month salary would be entitled to a $200 per month benefit. The three percent increase would be computed on the base amount — $200 — for each relevant year. He indicated that for a ten-year period, the resulting increase would be sixty dollars. That would mean that each year's increase was to be added to the previous increases. Gray then discussed a catch-up provision not relevant here.
It is my conclusion that the increases mentioned in C.R.S. 1973, 24-51-132, like the areas discussed at the Senate State Affairs Committee hearing, are cumulative in the sense that, while the increase for each year is computed on the base benefit, each year's increase is added to increases from previous years.
SUMMARY
It is my conclusion that the eight percent increase required by C.R.S. 1973, 24-51-132(1)(b), as amended, replaces the three percent increase required by subsection (1)(a). I also conclude that while the percentage increase is always computed on the base benefit, the increases are cumulative in that each year's increase is added to increases from previous years.
Very truly yours,
 J.D. MacFARLANE Attorney General
RETIREMENT SYSTEMS BENEFIT PUBLIC FUNDS
C.R.S. 1973, 24-51-132, as amended C.R.S. 1973, 24-51-135(2)
ADMINISTRATION, DEPT. OF Administration
Amended emeritus retirement benefits statute increases the former three percent increase by an eight percent increase, and each year's increase is cumulative.